**Thomas N. Swift II, P.C.**
**Thomas N. Swift, 006495**
**Attorney at Law**
**2345 S. Alma School Road, Suite 104**
**Mesa, Arizona 85210-4013**
**(480) 897-1700/Fax (480) 897-1029**
**Email: tnswift@azbar.org**
Attorney for Defendant Prospect Mortgage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAN C. FORE AND DEANNA L. FORE, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> ZERO DOWN MORTGAGE, a division of ) <br> METROCITIES MORTGAGE, LLC, d/b/a ) <br> PROSPECT MORTGAGE, LLC, a ) <br> California limited liability company; ) <br> CITIMORTGAGE INC., a national ) <br> corporation, CPCA TRUST 1, a Minnesota ) <br> company a/k/a US BANK, N.A., ) <br> VANTIUM CAPITAL, INC. d/b/a ) <br> ACQURA LOAN SERVICE, a Texas ) <br> corporation; and QUALITY LOAN ) <br> SERVICE, a California corporation; MERS ) <br> ELECTRONIC REGISTRATION ) <br> SYSTEMS, INC., JOHN AND JANE ) <br> DOES I-X; BLACK AND WHITE ) <br> CORPORATIONS I-X; ) <br> ) <br> Defendants. ) | No. CIV 11-00331-PHX-SRB <br><br> DEFENDANT PROSPECT MORTGAGE, LLC'S MOTION TO DISMISS |

Defendant Prospect Mortgage, LLC formerly known as Metrocities Mortgage ("Prospect Mortgage"), by and through its undersigned attorney, hereby requests this court to dismiss the Complaint as to Prospect Mortgage for failure to state a claim upon which relief can be granted in accordance with Rule 12(b)(6), F.R.Civ.P. Prospect Mortgage originated the mortgage loan at issue in this action. It sold the loan in May of 2006 to Defendant CitiMortgage, Inc. ("CitiMortgage"). Plaintiffs Dan C. Fore and Deanna L. Fore ("Fore") are seeking to enjoin a foreclosure sale scheduled for April 21, 2011 on their home and allege, mostly in conclusory

-1-

terms, that CitiMortgage acted improperly in refusing to modify the mortgage loan. The Complaint fails to state a cause of action upon which relief may be granted as to Prospect Mortgage. This Motion is supported by the accompanying Memorandum of Points and Authorities.

DATED this 17th day of March, 2011.

THOMAS N. SWIFT II, P.C.


/s/ Thomas N. Swift_____
Thomas N. Swift
2345 South Alma School Road
Suite 104
Mesa, Arizona 85210-4013
Attorney for Defendant Prospect Mortgage


**MEMORANDUM OF POINTS AND AUTHORITIES**

**Factual Background**.[1]

On February 17, 2006, Fore signed loan documents with the predecessor in interest of Prospect Mortgage in order to obtain a $352,000.00 loan to purchase a home located at 825 West Laredo Avenue, Gilbert, Arizona 85233. The loan was an adjustable rate mortgage with an initial interest rate of 6.75%. [Complaint, paragraph 23].

In May, 2006, Prospect Mortgage sold the loan to CitiMortgage [Complaint, paragraphs 4 and 25]. Commencing in April of 2006, Fore made their monthly payments on the loan to CitiMortgage [Complaint, paragraph 29].

Fore sought to modify the mortgage loan with CitiMortgage, and CitiMortgage initially approved a modification restructuring the loan. Fore made five monthly payments to

---

[1] The factual background set forth below is taken entirely from the allegations of the Complaint and assumes the truth of those allegations for purposes of this Motion. On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed. 2d 773 (1986).

CitiMortgage from July, 2009 through November, 2009 pursuant to the modification. CitiMortgage then notified Fore that their income was insufficient to qualify them for the modification program. [Complaint, paragraph 30].

Fore made numerous attempts to modify the loan with CitiMortgage without success. CitiMortgage transferred the loan to Defendant Vantium Capital, Inc. on May 26, 2010 without notice to Fore. [Complaint, paragraph 33]

Vantium Capital, Inc., or its servicer Acqura Servicing, sold the loan to Castle Peak 2010-1 Loan Trust ("Castle Peak").  Castle Peak initiated foreclosure proceedings.  A foreclosure sale is currently scheduled for April 21, 2011. [Complaint, paragraphs 34 and 35]

**The Complaint**.

Fore is proceeding *pro se*.  The Complaint includes a Motion for Injunction relating to the pending foreclosure sale.  As noted above, Prospect Mortgage sold this loan almost five years ago.  Prospect Mortgage is not a party to the foreclosure proceedings and claims no interest in the loan.

In addition to injunctive relief, there are six counts in the Complaint seeking damages. Those counts are denominated by Fore as: Count I-Civil Racketeering RICO Statutes, Count II-Gross Negligence, Count III-Bad Faith and Unfair Business Dealings, Count IV-Constitutional Violations, Count V-Violations of Real Estate RESPA Laws, and Count VI-Fraud and Misrepresentation.

**Applicable Law**.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Bell Atlantic Corp. v. Twombly*, 50 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *Id.*, at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929. A claim has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955, 167 L.Ed.2d 929.

Two working principles underlie *Twombly*. First, the tenet that the court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.* at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.* at 556, 127 S.Ct. 1955, 167 L.Ed.2d 929. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Moss v. U.S. Secret Service*, 572 F.3d. 962 (9th Cir. 2009).

**The Complaint is devoid of factual content to plausibly suggest a cause of action against Prospect Mortgage**.

The Complaint contains little in the way of factual allegations pertaining to Prospect Mortgage. The specific allegations relating to Prospect Mortgage are set forth in paragraphs 23 and 24 of the Complaint. Those paragraphs set forth the basic terms of the loans[2], the fact that the loans were later sold, and Fore's surmise that the original notes were never endorsed and may be in the possession of Prospect Mortgage. Even if it were true, as Fore postulates, that the original note was never conveyed by Prospect Mortgage, that fact including any reasonable inferences therefrom would not give rise to a cause of action against Prospect Mortgage.

After setting forth certain factual allegations pertaining to the other Defendants, Fore asserts their alleged claims in almost wholly conclusory terms. Thus, in Count I of the Complaint, Fore alleges:

---

[2]Paragraph 24 references a second home equity line of credit in the amount of $88,000.00 that was originated by the predecessor in interest to Prospect Mortgage. The Complaint does not allege any foreclosure proceedings relating to the second loan or any wrongful conduct in failing or refusing to modify that loan.

-4-

> Defendants name (sic) above all have their part in the evil scheme of Civil Racketeering under the RICO scheme and are conspiring together in this enterprise to unjustly enrich themselves by false illegal means. [Complaint, paragraph 47]

It cannot be determined or inferred from the factual content of the Complaint just what the "evil scheme" is or what part Prospect Mortgage is alleged to have played in that scheme. The allegations that Prospect Mortgage originated the loan and later sold it do not plausibly suggest that Prospect Mortgage was involved in any scheme or enterprise with the other Defendants. There is no allegation that Prospect Mortgage was in communication with any of the other Defendants after the loan was sold or that Prospect Mortgage was even aware of the efforts on the part of Fore to modify the loan. There is no allegation that Prospect Mortgage knew about the subsequent default, or that Prospect Mortgage played any role in the pending foreclosure proceedings.

Similarly, in Count II of the Complaint, Fore makes conclusory statements without sufficient factual context plausibly suggesting a claim against Prospect Mortgage:

> Defendants have on many occasions in this loan process failed in their duty of care to the Plaintiffs. They ignored their duty to be honest and follow governmental regulations with the monies given to them in the TARP bail out to help homeowners. They failed in making a legitimate effort to modify the home loan of the Plaintiffs and denied them relief when they had a duty to do so. Because of their gross loan negligence Plaintiffs are in a fight for their lives and their home when they had the ability to do so. [Complaint, paragraph 48]

It cannot be determined from the factual content in the Complaint in what respect Fore contends that Prospect Mortgage breached any duty of care to them. Indeed, while Count II refers to all of the Defendants, it is clear that in referring to the attempts to modify the loan and funds through TARP that the allegations in Count II cannot pertain to Prospect Mortgage. As alleged in the Complaint, Prospect Mortgage was not involved in the Fore's attempts to modify

the loan.  The loan had been sold to CitiMortgage several years before any attempt at modification was made.

The allegations for Count III are similar to those for Count II.  Fore alleges:

> Defendants have on many occasions in this loan process failed in their duty of care to the Plaintiffs. The Defendants have acted in Bad Faith and used Unfair Business Dealings in this foreclosure attempt against Plaintiffs.  They ignored their duty to be honest and follow governmental regulations with the monies given to them in the TARP bail out to help homeowners.  They failed in making a legitimate effort to modify the home loan of the Plaintiffs and denied them relief when they had a duty to do so. [Complaint, paragraph 49]

Not only are the allegations in paragraph 49 almost entirely conclusory, they point to conduct that cannot be attributed to Prospect Mortgage.  Once again, while lumping all Defendants together, Fore is referencing what happened in their attempts to modify the loan and in the resulting foreclosure proceedings.  As alleged in the Complaint, Prospect Mortgage played no role in the loan modification negotiations and is not a party to the foreclosure proceedings.

Likewise, Count IV is devoid of factual content plausibly suggesting a cause of action against Prospect Mortgage.  In paragraph 50 of the Complaint, Fore alleges:

> Defendants have on many occasions in this loan process failed to consider the rights of the Plaintiffs. They have subjected Plaintiffs by their business schemes to the loss of their property and have denied them due process of law and equal protection of these rights.  They have sought to deny Plaintiff (sic) their right to peaceful enjoyment of life and liberty in keeping their home.

Count V alleges one or more violations of RESPA (Real Estate Settlement Practices Act). Paragraph 51 of the Complaint states, in part, as follows:

> Defendants have on many occasions in this loan process failed to consider the rights of the Plaintiffs and have openly violated their rights under the RESPA laws. Plaintiffs will seek a Forensic Audit of their accounts and will charge Defendants to the

> letter of the law for their violations against Plaintiffs. Plaintiffs have examined their original good faith estimates and Truth In Lending documents along with the closing statements and have found many deliberate and fragrant violations.

On their face, it would appear that these allegations do pertain to the transaction with Prospect Mortgage. However, they are once again entirely conclusory. There is no factual content. To state that Fore has found many deliberate and fragrant violations of RESPA states a conclusion only. Fore has not alleged the factual basis of those violations, the nature of the violations, or even what section of RESPA is alleged to have been violated. If a cause of action under RESPA had been properly alleged (which it was not), it would be barred by the applicable statute of limitations. The loan was closed in February of 2006. The longest applicable limitations period is three years from the loan closing. 12 U.S.C. §2614.

Count VI is for fraud and misrepresentation. Paragraph 52 of the Complaint references the elements of fraud and misrepresentation supposedly set forth by Fore in other portions of the Complaint. Paragraph 44 of the Complaint does indeed attempt to address the nine elements of common law fraud. The only Defendant referenced in those allegations is CitiMortgage. No claim is set forth or plausibly suggested as to Prospect Mortgage.

**Conclusion**.

Assuming the truth of the factual allegations of the Complaint, the Complaint fails to state a cause of action against Prospect Mortgage. Prospect Mortgage sold the Fore's loan within

. . .

. . .

. . .

-7-

a few months from the date it was originated.  That was nearly five years ago.  Prospect Mortgage has had no involvement with Fore's attempts to modify the loan or the pending foreclosure.  The Complaint should be dismissed as to Prospect Mortgage.

DATED this 17th day of March, 2011.

                                             THOMAS N. SWIFT II, P.C.

                                             /s/ Thomas N. Swift
                                             Thomas N. Swift
                                             2345 South Alma School Road
                                             Suite 104
                                             Mesa, Arizona 85210-4013
                                             Attorney for Defendant Prospect Mortgage, LLC

A copy of the foregoing was
mailed this 27th
day of March, 2011, to:

Dan C. Fore
Deanna L. Fore
825 West Laredo Avenue
Gilbert, Arizona 85233
Plaintiffs


/s/ Thomas N. Swift